# United States Court of Appeals for the Fifth Circuit

No. 21-50999
CONSOLIDATED WITH
No. 21-51014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS FERNANDO FIERRO-RENTERIA,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-340-1
USDC No. 4:21-CR-480-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Jesus Fernando Fierro-Renteria appeals his conviction and sentence for reentering the United States after deportation in violation of 8 U.S.C.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50999
c/w No. 21-51014

§ 1326(a) and (b)(1), along with the revocation of a term of supervised release he was serving at the time of the offense. He has not briefed, and has therefore abandoned, any challenge to the revocation of supervised release or his revocation sentence. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

For the first time on appeal, Fierro-Renteria argues that § 1326(b) is unconstitutional because it permits a defendant to be sentenced above the statutory maximum under § 1326(a) based on the fact of a prior conviction that was not alleged in the indictment or found by a jury beyond a reasonable doubt. He correctly concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). However, he wishes to preserve the issue for further review. Because Fierro-Renteria's sole argument is foreclosed, he has moved without opposition for summary disposition of his appeals.

Summary disposition of an appeal is proper where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the motion for summary disposition is GRANTED, and the judgments of the district court are AFFIRMED.